The PEOPLE of the State of Colorado,
Plaintiff-Appellant,

v.

Ruth GARNER, Defendant-Appellee.

No. 86SA163.

Supreme Court of Colorado,
En Banc.

May 11, 1987.

Norman S. Early, Jr., Dist. Atty., Nathan B. Coats, Chief Appellate Deputy Dist. Atty., David J. Dansky, Deputy Dist. Atty., Denver, for plaintiff-appellant.

David F. Vela, Colorado State Public Defender, Diana M. Richett, Stephen M. Flavin, Deputy State Public Defenders, Denver, for defendant-appellee.

ERICKSON, Justice.

This is an interlocutory appeal pursuant to C.A.R. 4.1. The defendant, Ruth Garner, was charged with first-degree murder, section 18–3–102(1)(a), 8B C.R.S. (1986), and a crime of violence, section 16–11–309, 8A C.R.S. (1986). The defendant made inculpatory statements to both lay witnesses at the homicide scene and also to police officers. Defense counsel filed a motion to suppress all statements made by the defendant. The trial court granted the motion in part, suppressing custodial statements made by the defendant, and denied the motion as to other statements.

The only issue before us in this interlocutory appeal is whether the trial judge erred in suppressing a statement made by the defendant to Officer Ramirez, an investigating officer, which the prosecution seeks to use for impeachment purposes if the defendant elects to testify in her own defense. The prosecution does not assert that it has the right to use the statement in the prosecution's case-in-chief and limits this appeal to use of the statements for impeachment purposes.

To justify an interlocutory appeal, and the delay caused by such an appeal, the prosecution must certify that "the appeal is not taken for purposes of delay and the evidence is a substantial part of the proof of the charge pending against the defendant." C.A.R. 4.1(a). The prosecution's certification is admittedly in the form, and contains the words, required by C.A.R. 4.1(a), but the prosecution's brief and the record do not support the certification. The prosecution's brief states that the only relief sought is the right to use the defendant's statement to Officer Ramirez for impeachment purposes. The chronology and procedures followed in a criminal trial require dismissal of this appeal because the evidence suppressed is not a substantial part of the proof of the charge. The statement in this case would only be used, if at all, after the prosecution's case-in-chief is completed and then only to weaken or discredit the defense case if the defendant elected to testify. To justify this interlocutory appeal, we must assume that the defendant will elect to take the stand in her own defense and testify in a manner contrary to her statement to Officer Ramirez. Unless both assumptions are true, impeach-

414

ment by use of a statement given by the defendant to Officer Ramirez is not a genuine issue. Because the suppressed statements are not a substantial part of the prosecution's proof, the trial court's ruling does not fall within that limited category of cases that we review on interlocutory appeal. C.A.R. 4.1; *People v. Valdez,* 621 P.2d 332 (Colo.1981).

Accordingly, the appeal is dismissed.

ROVIRA, J., dissents.

ROVIRA, Justice, dissenting:

The majority holds that since the suppressed evidence is to be used only for impeachment purposes it is not a substantial part of the prosecution's proof. I disagree and dissent from the disposition of this case.

In *People v. Rhodes,* 729 P.2d 982 (Colo. 1986), we addressed the voluntariness issue even though the trial court had not made a determination on the *Miranda* issue. Thus we did not know whether the statement would ultimately be used for impeachment purposes only or as a part of the case-in-chief. If the impeachment/case-in-chief distinction were as telling as the majority implies, it would have been more appropriate to remand and await a determination on the waiver issue.

I also note that in *People v. Fish,* 660 P.2d 505 (Colo.1983), we refused to reach an impeachment issue because the trial court had not yet ruled on it. If the impeachment/case-in-chief distinction were determinative, as the majority suggests, we would not have indicated in *Fish* that we would have addressed the issue if the trial court had ruled upon it.

The evidence which the majority opinion characterizes as not substantial is an admission by the defendant to officer Ramirez that she knew the victim, that she emptied the gun—which held nine rounds— into him, and that she had given the gun to a friend of hers who had placed it in his car. My sense of the matter is that this evidence has probative value and would be significant if the defendant testifies.

Contrary to the majority, I would decide the issue which has been presented to us: whether the defendant's statement to officer Ramirez was voluntary.

Alternatively, I would remand. The record indicates that the trial court held that the People had not proven the defendant had waived her *Miranda* rights by "clear and convincing evidence." In *Colorado v. Connelly,* 479 U.S. ——, 107 S.Ct. 515, 523, 93 L.Ed.2d 473 (1986), the Court held that the state need only prove a *Miranda* waiver by a preponderance of the evidence. If the trial court were to apply the correct standard, it may find a valid waiver. If it did, then the defendant's statement, if voluntary, would be admissible in the case-in-chief.